IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

No(s). 14-4109
_____

UNITED STATES OF AMERICA,

Appellee,

v.

SEAN BRADFORD CONTEE
Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

(THE HONORABLE DEBORAH K. CHASANOW
UNITED STATES DISTRICT COURT JUDGE)
_____

BRIEF OF APPELLANT
_____

MARC GREGORY HALL
Law Offices of Marc G. Hall, P.C.
200 A Monroe Street,
Ste. 310
Rockville, Maryland
(301) 309-6678
 Counsel for Appellant

# **TABLE OF CONTENTS**

Table of Contents                                                              i

Table of Citations                                                            ii

Statement of Subject Matter and Appellate Jurisdiction                         1

Statement of the Issues Presented for Review                                   2

Statement of the Case                                                          2

Statement of Facts                                                             2

Summary of the Argument                                                        5

Argument                                                                       6

    Whether Appellant was improperly sentenced, through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?   6

Conclusion                                                                     8

Waiver of Oral Argument                                                        9

# TABLE OF CITATIONS

## Cases

*Anders v. California*,
    386 U.S. 738 (1967) ............................................................................ 6, 8

*United States v. Pridgen*,
    64 F.3d 147 (4th Cir. 1995) ..................................................................... 2

## Statutes

18 U.S.C. § 3231 ............................................................................................ 1

18 U.S.C. §3553 ..................................................................................... 2, 6, 7

18 U.S.C § 3742 ............................................................................................. 2

18 U.S.C § 3742(a)(1) ................................................................................... 1

28 U.S.C. § 2255 ............................................................................................ 8

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

No(s). 14-4109
_____

UNITED STATES OF AMERICA,

Appellee,

v.

SEAN BRADFORD CONTEE
Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

(THE HONORABLE DEBORAH K. CHASANOW
UNITED STATES DISTRICT COURT JUDGE)
_____

ANDERS BRIEF OF APPELLANT
_____

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from a final judgment in a criminal case, entered against Appellant on April 05, 2013. The United States District Court for the District of Maryland had original jurisdiction over this case under 18 U.S.C. § 3231. The United States Court of Appeals for the Fourth Circuit has appellate jurisdiction over this case under 18 U.S.C § 3742(a)(1) and

1

*United States v. Pridgen*, 64 F.3d 147 (4th Cir. 1995). By Notice of Appeal filed on April 8, 2013 Appellant requests this Court to review his plea and sentence pursuant to the provisions of 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether Appellant was improperly sentenced through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?

## STATEMENT OF THE CASE

Appellant was charged with Conspiracy to Distribute or Possess with Intent to Distribute 28 grams or more of Cocaine Base in the United States District Court for the District of Maryland. Appellant, Sean Bradford Contee, pled guilty to Count One on October 25, 2013. The defendant was sentenced on February 3, 2014. A timely notice of appeal to the United States Court of Appeals for the Fourth Circuit was filed.

## STATEMENT OF THE FACTS

Sean Bradford Contee was indicted by the Grand Jury on May 9, 2013. On October 25, 2013 Mr. Contee entered into a written plea agreement with the Government. The plea was to the Count One of the indictment,

2

charging him with Conspiracy to Distribute or Possess with Intent to Distribute 28 grams of cocaine base. The plea was entered on October 25, 2013. A colloquy ensued between the appellant and the court wherein the appellant was advised of the terms of the plea agreement as well as the constitutional rights he was waiving by entering a plea of guilty. A Pre-Sentence Report was prepared at the court's request.

    Factually, the plea agreement indicated that the appellant had on four separate occasions sold crack cocaine to an individual working as an undercover police officer through an intermediary. Specifically, the factual stipulation stated that on January 18, 2013 an undercover officer made arrangements to purchase an ounce of cocaine base with a co-defendant named Cooper. The arrangement was for the parties to meet at 3209 75th Avenue, Landover, Maryland. When Cooper and the undercover officer met, the defendant pulled in behind Cooper in a Cadillac Deville. First, Cooper went to the appellant's vehicle and procured the crack. Cooper then went to the undercover officer's vehicle and sold the crack for the agreed upon $1,200.00. The crack was analyzed and turned out to weigh 26.1 grams.

    The second transaction occurred on January 30, 2013. Again an undercover officer made arrangements to purchase an ounce of crack from the co-defendant Cooper. The parties were to meet at a BP gas station

3

located at 10604 Campus Way South, Largo, Maryland. Cooper, who had made arrangements for the purchase with the appellant by phone, met with the appellant and bought the crack. The phone calls were recorded. Cooper then met with the undercover officer and sold him 50.1 grams of crack.

The third transaction happened on March 14, 2013. The arrangement was for Cooper to meet the undercover officer at 3209 75th Avenue, Landover, Maryland. When Cooper and the undercover officer met, the defendant pulled in behind Cooper in a Cadillac Deville. Contee met with Cooper and again obtained the cocaine base and Cooper distributed 51.6 grams of cocaine base to the undercover for $2,400.00.

The fourth transaction was on April 18, 2013. Again the same parties were involved with Cooper being an intermediary between Contee and the undercover officer. The quantity this time was 51.3 grams of crack for the same price of $2,400.00. As a result of these transactions, a search warrant was obtained for Contee's home at 11311 Kettering Place, Upper Marlboro, Maryland. Among the items recovered were 53.6 grams of crack, 5.9 grams in a separate bag and $ 1,349.00 in cash.

Sentencing was held on February 3, 2014. At sentencing the parties agreed that the Pre-Sentence Report was correct in that the writer had included all of the above noted downward departures. The PSR writer found

4

the appellant to be at an offense level 28 and a criminal history level of III. The final guideline range was 97-121 months.

In addressing the appellant, the court agreed that the guideline factors as outlined above were appropriate and sentenced the appellant to 108 months in the Bureau of Prisons on Count One, giving him a sentence within the guideline range outlined in the PSR.

## **SUMMARY OF THE ARGUMENT**

Counsel reasonably believes that, based upon the records in the district and appellate courts, there are no viable grounds for this appeal on the issue of guilt or innocence.

Appellant requested an appeal in this matter. In furtherance of his investigation of any outstanding issues, counsel for appellant has re-reviewed the file at length, communicated with the defendant and reviewed issues of concern to the appellant. Counsel has also reviewed the transcripts of the district court proceedings.

The result of this analysis by counsel is that there is no basis in the record upon which to carry forward any direct appeal with regard to the issue of the guilt or innocence, or as to the sentencing of appellant. Counsel has determined that there are no cognizable issues, which could be raised on

the part of appellant. Therefore, counsel has determined to file this *Anders* brief (per *Anders v. California*, 386 U.S. 738 (1967)) on behalf of appellant.

## ARGUMENT

## STANDARD OF REVIEW

Upon a filing of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), the Court of Appeals conducts a full examination of the record to determine independently whether the appeal is wholly or partially frivolous. The Court may dismiss the appeal insofar as federal requirements are concerned as to the issues so implicated.

## ISSUE

**Whether Appellant was improperly sentenced, through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?**

Based on counsel's analysis and research on the issues raised by the appellant in correspondence and the lack of any new facts or matters, counsel is confident that there are no issues that may be appealed as to his sentence. Furthermore, a review of the plea colloquy demonstrates that the court properly advised the defendant of the possible penalties, advised him of the rights he gave up by pleading guilty and insured that the appellant made a knowing and intelligent waiver of those rights.

At the change of plea proceedings on October 25, 2013 the district court made an extensive and complete inquiry into appellant's understanding of and satisfaction with the plea. The court further inquired of the appellant's understanding of the process at sentencing and that there were no promises or agreements regarding either the guideline range or his criminal history. From the record, the plea clearly was informed and voluntary, as appellant repeatedly affirmed. The detailed plea agreement and specific statement of facts had been reviewed and signed by the appellant and by counsel, which he affirmed under oath on October 25, 2013. The court accepted the plea and found appellant guilty.

At sentencing, the court appears to have made a thorough analysis of the sentencing guidelines and applied them along with the other important factors listed in 18 U.S.C. § 3553. The court in fact gave the defendant a sentence within the guideline range found in the PSR. The Appellant wishes to have the Court apply a further two point reduction to the guidelines based upon the proposed changes to the guidelines under consideration by the Sentencing Commission and the United States Congress. However counsel is constrained to point out that the Appellant was sentenced in accordance with the applicable law at the time of sentencing.

7

As a result, appellate counsel is constrained to conclude that there simply is nothing **in this record** that suggests grounds to support the issues appellant seeks to raise, that his sentence is legally challengeable. Appellant is free to seek relief under 28 U.S.C § 2255, challenging the effectiveness of trial counsel or the volitional basis for his plea. Such a proceeding will permit him to supplement the record with additional testimony and evidence, beyond that which has been presented to the district court and this Court. On this record, however, he is without recourse on this issue.

## **CONCLUSION**

Pursuant to the requirements of *Anders v. California*, 386 U.S. 738 (1967), counsel for appellant hereby certifies that he has expended substantial time in the review of the facts and legal issues in this matter, the review of the entire file in the district and appellate courts, and has exhausted all possible avenues of issues for appeal.

It is the considered opinion of appellate counsel that there are no legal issues that were raised before the United States Court of Appeals which were not either waived, abandoned or withdrawn by appellant, or which were disposed of properly by the Courts. Accordingly, appellate counsel believes that there are no legitimate grounds for a direct appeal on the record of this matter to the Court of Appeals. The record in this matter regarding

8

these issues nonetheless is submitted for independent review by this Court, in the event error exists which has been overlooked by appellate counsel.

                                            Respectfully submitted,

                                            Law Office of Marc G. Hall, P.C.

                                            /S/
                                            Marc G. Hall
                                            Federal Bar # 01386
                                            200 A Monroe Street
                                            Suite 310
                                            Rockville MD  20850
                                            (301) 309-6678

## **WAIVER OF ORAL ARGUMENT**

The issues in this appeal have been completely research and briefed by appellate counsel, and the facts in support thereof have been fully documented, as set forth in the materials in the Joint Appendix. Appellate counsel therefore believes that the Court is in a position to rule on this matter without the benefit of additional argument by counsel for the parties.

Nevertheless, should the Court feel otherwise, counsel hereby advises the Court that he is ready to appear for oral argument upon request, and to respond therein to any question the Court may have upon its full review of the briefs and record in this matter.

        Respectfully submitted,

        Law Offices of Marc G. Hall, P.C.


        /S/
        Marc G. Hall
        Counsel for Appellant

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that:

1. This brief has been prepared with Word, using a proportionally spaced serif typeface, Times New Roman, 14 point font.

2. Exclusive of: table of contents; table of authorities; any addendum containing statutes, rules, or regulations; and the certificate of service this brief contains <u>1,819</u> words.

3. I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or copy of the word or line printout.


        /S/
        Marc G. Hall
        Counsel for Appellant

## **CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this 5th day of June, 2014, filed the required six (6) copies of the foregoing *Anders* Brief of Appellant in the Office of the Clerk of the Court via hand delivery and

electronically using the Court's CM/ECF system which will send notification of such filing to:

> Leah Jo Bresneck
> Assistant United States Attorney
> United States Courthouse
> 6500 Cherrywood Lane
> Greenbelt, MD 20770
> Counsel for Appellee

/S/
Marc G. Hall
Counsel for Appellant

## CERTIFICATE OF SERVICE OF ANDERS BRIEF

I hereby certify that a copy of the Anders Brief of Appellant was mailed to the Appellant, Sean Bradford Contee, Register # 39098-007at FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Fort Dix, NJ 08640 as well as a letter explaining to the Appellant his right to file a supplemental brief.

June 5, 2014                                /S/
                                            Marc G. Hall
                                            Counsel for Appellant